UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRUZ O.,

                        Plaintiff,

v.                                                  CASE NO 1:21-cv-00863 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | JUSTIN D. JONES, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | SCOTT ELLIOTT, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, the Commissioner's motion is

1

DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings as set forth below.

I.    RELEVANT BACKGROUND

   A.    Factual Background

Plaintiff was born on September 28, 1988, and has less than a high school education. (Tr. 237, 242). Generally, plaintiff's alleged disability consists of bipolar disorder and schizophrenia. (Tr. 241).

   B.    Procedural History

On March 15, 2019, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 26). Plaintiff's application was initially denied. On December 18, 2019, his application was again denied upon reconsideration. (Tr. 107). He then timely requested a hearing before an Administrative Law Judge (ALJ). On November 20, 2020, plaintiff appeared telephonically before ALJ Laura Michalec Olszewski. (Tr. 44-81). On December 1, 2020, ALJ Olszewski issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 23-38). On June 1, 2021, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

   C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since March 15, 2019, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: bipolar disorder, schizoaffective

disorder, cannabis use disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non exertional limitations: This individual should work in a low stress environment defined as occasional judgment, occasional decision making and occasional changes in work setting. This individual should be limited to simple, routine and repetitive tasks. This individual have occasional [*sic*] have occasional interaction with supervisors, co-workers and the public.

5. The claimant is capable of performing past relevant work as a dishwasher. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since March 15, 2019, the date the application was filed (20 CFR 416.920(f)).

## II.   THE PARTIES' BRIEFINGS

### A.   Plaintiff's Arguments

Plaintiff argues the ALJ failed to reconcile the residual functional capacity (RFC) with the psychiatric consultative examination opinion which she had found persuasive. (Dkt. No. 9 [Pl.'s Mem. of Law].)

### B.   Defendant's Arguments

In response, defendant asserts substantial evidence supports the RFC and that the moderate limitations in mental functioning opined by the consultative examiner were accommodated in the RFC.  (Dkt. No. 10 [Def.'s Mem. of Law]).

### III.   RELEVANT LEGAL STANDARD

#### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

Plaintiff asserts that the ALJ failed to reconcile the RFC finding with the opinion evidence. (Dkt. No. 9). Specifically, plaintiff argues that although finding persuasive the

5

opinion of psychiatric consultative examiner Gregory Fabiano, Ph.D., the ALJ failed to include the opined moderate limitations in the RFC and did not explain her rationale for excluding them. This Court agrees and finds remand is warranted.

On July 27, 2019, plaintiff underwent a psychiatric consultative examination with Dr. Fabiano at the request of the state agency. (Tr. 498). Dr. Fabiano observed that attention, concentration, and recent and remote memory were impaired due to distractibility. (Tr. 500). He assessed moderate limitations with understanding, remembering, and applying complex directions and instructions; interacting adequately with supervisors, co-workers, and the public; and regulating emotions, controlling behavior, and maintaining well-being. (Tr. 501). There were also moderate limitations sustaining concentration and performing tasks at a consistent pace. (*Id*.). Despite finding the opinion persuasive, the ALJ did not account for moderate limitations in regulating emotions, controlling behavior and maintaining well-being in the RFC or explain why they were not adopted. (Tr. 35-36).

An ALJ's failure to adequately explain the rationale for not including plaintiff's mild to moderate mental limitations in an RFC is error. *Felix S. v. Comm'r of Soc. Sec.*, 630 F. Supp. 3d 423, 426 (W.D.N.Y. 2022) (remanding due to ALJ's failure to assess mental limitations in the RFC, despite finding the opinion expressing those limitations "persuasive"). Additionally, if a medical opinion expresses limitations in plaintiff's ability to regulate emotions and behavior that are greater than those accounted for in the RFC, the ALJ must provide an explanation for adopting some limitations but rejecting others. *Marcia R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1236, 2021 WL 2379640, at *6 (W.D.N.Y.

June 10, 2021). If the ALJ does not provide that explanation, "meaningful review is frustrated," and the case should he remanded. *Id.*

While the Commissioner responds that unskilled work inherently accounts for a moderate limitation in regulating emotion (*see* Dkt. No. 10 at 8), the ALJ nevertheless must provide an explanation for how the assessed limitations affect the claimant's ability to perform that unskilled work. *Jimmie E. v. Comm'r of Soc. Sec., 20-CV-0406*, 2021 WL 2493337, at *5 (W.D.N.Y. June 18, 2021)(Remand is warranted when an ALJ finds an opinion expressing moderate limitations in regulating emotion, controlling behavior and maintaining well-being to be persuasive, but fails to account for those limitations in the RFC).

As an initial matter, the ALJ's decision is riddled with inconsistencies and errors. For instance, when discussing how Dr. Fabiano's opinion was considered it is unclear why the ALJ found the opinion persuasive yet later described the opinion as only somewhat consistent with the record as a whole. The ALJ does not cite specific records but generally claims that the plaintiff's symptoms are stable and tolerable with prescribed treatment methods such as medication and psychotherapy treatment. (Tr. 36). However, earlier in the decision, the ALJ highlighted plaintiff's issues with ongoing paranoid thoughts and defensive behaviors, as well as questions about compliance with medication because of the continued symptoms. (Tr. 34). Indeed, throughout the record plaintiff had poor eye contact, disorganized and guarded thought content, increased levels of suspiciousness, and paranoid thought process with frequent derailment of stream of thought. (Tr. 458, 505-510, 603, 658, 660).

The ALJ then concludes that "the claimant's stated activities of daily living supports that the symptoms from his *severe physical impairments*" are controlled with medication and treatment. (Tr. 36)(emphasis added). This is clearly a factual mistake because Dr. Fabiano only evaluated plaintiff's psychiatric impairments and plaintiff never alleged any physical limitations. (Tr. 30). Even if the ALJ intended to reference mental impairments, the ALJ's reliance on plaintiff's activities of daily living as evidence of controlled symptoms on medication is not supported by substantial evidence. The ALJ picked and chose from the evidence that which would support her conclusions, but erroneously neglected to mention plaintiff still resides with his mother and she has to handle his finances. Additionally, she completed paperwork stating he does not actively engage in household activities or responsibilities, and if he does it takes longer than average. (Tr. 248-50). Plaintiff testified he does live with his mom still. (Tr. 52). Dr. Fabiano had also opined that plaintiff would not be able to manage his own funds. (Tr. 502).

Furthermore, the remaining portion of the Step 4 finding contained additional errors in referencing postural limitations in one paragraph and then a residual functional capacity for a range of light work in the final paragraph. (Tr. 36). As discussed above, these references are factually incorrect because there were no allegations of physical impairments, and they are inconsistent with the RFC for work at all exertional levels with only non-exertional limitations. (Tr. 30).

Regarding the moderate limitations in regulating emotion, controlling behavior and maintaining well-being, defendant argues that the RFC for simple, low stress work with only occasional interaction levels is sufficient to accommodate those limitations. (Dkt. No. 10 at 10). Notably, the CE listed the ability to interact with supervisors, coworkers and the

8

public separately from the moderate limitations in regulating emotion, controlling behavior and maintaining well-being, so these limitations are separate and distinct according to the CE. (Tr. 501). The ALJ explained that the limitations to simple, routine and repetitive tasks was to accommodate his stress limitations. Although not supported by any records, the ALJ also claimed that the plaintiff's negative intrusive thoughts would manifest themselves if given complex instructions and complex tasks. (Tr. 36). The ALJ maintained that she limited plaintiff's social interactions to occasional because of "the unpredictable nature of other people and the claimant's diagnosed disorders." (*Id*.). The ALJ did not comment on Dr. Fabiano's assessment of moderate limitations in regulating emotion, controlling behavior, and maintaining well-being. Plainly, the ALJ did not explain her reasoning for failing to include these moderate mental limitations in the RFC despite finding the opinion persuasive.

While defendant argues it is the plaintiff's burden to show Dr. Fabiano's limitations are greater than those found by the ALJ, plaintiff has met his burden. Because the ALJ did not explain her reasons for failing to adopt the moderate limitations expressed by Dr. Fabiano, it cannot be presumed that the limitations in the RFC adequately address plaintiff's limitations in managing his emotions and behavior. *Christopher F. v. Comm'r of Soc. Sec.*, 1:20-CV-01062, 2022 WL 130764, at *4 (W.D.N.Y. Jan. 14, 2022). Defendant attempts to distinguish this case from *Christopher* however in that case, like here, the Court was unable to determine whether the ALJ rejected the limitation in regulating emotions, controlling behavior and maintaining well-being or whether the ALJ intended for the RFC to reflect the limitation. *Id*. The numerous factual errors and perplexing analysis with inconsistencies hamper the Court's ability to glean the ALJ's intent.

Taking the present facts as a whole and in light of the issues identified above, the Court is unable to conclude that the ALJ's decision is supported by substantial evidence. To be clear, the Court takes no position as to whether or not plaintiff should ultimately be found to be under a disability. It is for the ALJ to determine on remand. *See Brady H. v. Comm'r*, No. 1:20-CV-00877 (JJM), 2022 WL 702155, at *6 (W.D.N.Y. Mar. 9, 2022) ("Although ALJ McGuan is not required to credit evidence in the record suggesting more significant functional limitations, plaintiff is entitled to know why he rejected it."); *Newman v. Berryhill*, No. 16 CIV. 9325 (AJP), 2017 WL 4466615, at *19 (S.D.N.Y. Oct. 6, 2017) (noting that "[o]n remand, the ALJ should consider the trends reflected in [Plaintiff's] more recent treatment records and should avoid "cherry-pick[ing] evidence in support of his own conclusions"). The Court is simply concluding that the ALJ's factual findings were confusing, to say the least, and not supported by substantial evidence, as is required, warranting remand. *See Jackson v. Kijakazi*, 588 F.Supp.3d 558, 585 (S.D.N.Y. 2022) ("Courts frequently remand an ALJ's decision when it ignores or mischaracterizes medical evidence or cherry-picks evidence that supports his RFC determination while ignoring other evidence to the contrary."). Accordingly, because the Court finds error in the ALJ's assessment of medical opinion evidence and that the error cannot be considered harmless, remand is warranted on this basis.

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No.9) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is

**DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: April 26, 2024                                             J. Gregory Wehrman  *J.G.W.*
Rochester, New York                                   HON. J. Gregory Wehrman
                                                                                    United States Magistrate Judge